UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN RANDALL FUTCH,
          Plaintiff,

          vs.                         07-1163

SUSAN WHEELER,
          Defendant.

## MERIT REVIEW ORDER OF DISMISSAL

The plaintiff, John Randall Futch, brings a lawsuit pursuant to U. S. C. Section 1131 against Susan Wheeler[1].

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[2] The merit review standard is the same as a motion to dismiss standard.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem SteelCorp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Allegations in other filings

---

[1] In his amended complaint [19], the plaintiff in his complaint title writers Susan G. Wheeler, et al., but does not name anyone other than Wheeler throughout his complaint.

[2] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

may be considered if consistent with the complaint, *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997), and attachments to the complaint are incorporated as part of the complaint, *see International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations and Conclusion

In his amended complaint, the plaintiff writes "threats by Susan G. Wheeler." During the September 5, 2007 merit review conference, the plaintiff advised the court that Wheeler told him "he was going to get his ass beat." The Constitution does not protect against all arbitrary actions of prison officials, but only those that cause the plaintiff to suffer a deprivation of a constitutionally protected liberty, life or property interest. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam). The defendant's alleged threat, while unprofessional and certainly not condoned by the court, does not state a constitutional claim based on procedural due process. There is nothing in the plaintiff's allegation that says he has suffered a constitutional deprivation. *Patton v. Przybylski*, 822 F.2d 697 (7th Cir. 1997) (threats and verbal abuse alone are not unconstitutional).

The plaintiff claims that on March 27, 2007, he was placed in the Special Housing Unit based on retaliation and for invoking his "constitutional rights" against the staff. However, the plaintiff has not, either in his complaint or during the merit review, advised the court of any constitutional right that he was exercising. Acts which are constitutional can become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted). "This is so even if the adverse action does not independently violate the Constitution." A claim for retaliation is stated when a prisoner sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)(*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). In the instant case, there can be no claim for retaliation, since the plaintiff was not exercising a constitutional right. Therefore, pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's claim of retaliation is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also claims his "due process was in direct violation of his Fifth Amendment rights while in the SHU." Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Further, finds no allegations that infer the plaintiff's Fifth Amendment rights were violated while in the SHU. As alleged, the court finds no claim in the plaintiff's allegations and therefore, this claim is dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

Plaintiff also claims he was falsely accused of engaging in sexual act in November 2006. In a letter to the Office of Professional Responsibility, the plaintiff says that charge was dismissed and "subsequently downplayed to another incident." Plaintiff also claims his Unit

Team failed to provide him with a copy of the incident report for filing an appeal. During the merit review conference, the plaintiff advised the court that a hearing was never heard and he was never punished for the allegation that he was engaged in a sexual act. Therefore, there was nothing to appeal. In *Hanrahan*, the Seventh Circuit stated that allegations of falsified disciplinary reports do not state a claim, provided that the required procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), are met. *Id.* "Procedural due process protections are the major means of protection prisoners have from arbitrary government actions . . ." *Id.* at 141; *see also McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). . . Procedural due process protections do not kick in unless a constitutionally significant liberty or property interest is at stake. *See Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam)(to state a procedural due process claim, the plaintiff must allege the deprivation of a constitutionally protected liberty, life or property interest.). The court already held that the plaintiff's segregation did not amount to a protected liberty interest under the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472 (1995). *See also Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). Here the plaintiff suffered no deprivations and therefore, this claim dismissed pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

Plaintiff claims "he was discriminated against because he's gay by staff at FCI Pekin." The plaintiff does not say how he was discriminated against or allege any particular conduct by FCI Pekin. The plaintiff merely saw he was discriminated against because he is gay. As alleged, this plaintiff fails to state a claim upon which relief may be granted and this claim is dismissed pursuant to Fed R. Civ. Pro. Rule 12(b)(6).

Plaintiff also states in his complaint: "Plaintiff also shows this court by exhibits evidence whereas the staff interfered with his due process by mail tampering." The exhibits shows the following: On January 29, 2007, the plaintiff sent a certified letter to the U.S. Justice Department, Office of Professional Responsibility in Washington, DC. Apparently, the process provides that someone in the mailroom signs when the Certified Mail Receipt is received from the inmates. This was signed by a Ms. Girrard. Also there is a signature of a John King on another document related to the certified mail. There is a receipt showing the mail was received by the Office of Professional Responsibility on February 5, 2007. Also, the plaintiff attached an April 18, 2007 letter from Office of Professional Responsibility advising him that the office had received his January 29, 2007 letter. So the plaintiff's claim of mail tampering is totally bogus and he knew it before he filed his amended complaint on August 3, 2007. Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), this claim is dismissed for failure to state a claim upon which relief may be granted.

**Accordingly,**

1. **Pursuant to 28 U.S.C. §1915A (1) and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.**
2. **All pending motions are denied as moot [24].**
3. **This case is closed in its entirety.**

4. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.
5. The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
6. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

**Enter this 22nd day of October 2007.**

s\Harold A. Baker
_____
**HAROLD A. BAKER**
**United States District Judge**